Sean C. Vargas, Esq. Bar No 258464
2973 Harbor Blvd Ste 683
Costa Mesa, CA 92626
714-293-7352 ph
714-276-0570 fax

Attorney for Plaintiff

FILED
2009 JUL 30 PM 3:56
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ________

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

VERONICA SALINAS, an individual

Plaintiff

v.

CHASE HOME FINANCE LLC, a business entity unknown; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, a business entity unknown; and Does 1 to 50, inclusive,

Defendants.

CASE NO.: CV 09-2882 CAS (VBKx)

**Second Amended Verified Complaint for:**
1. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2943
2. VIOLATION OF 12 U.S.C. 2605(e)

**JURY TRIAL DEMANDED**

Plaintiff VERONICA SALINAS ("Plaintiff") alleges:

INTRODUCTION

1. At all times mentioned herein, Plaintiff was and is an individual residing in the County of Los Angeles, and is the owner in possession of the subject real property located in the State of California and commonly known as 20428 Huntcliff Lane, Walnut, California (hereinafter "Subject Property").



CONFORMED COPY

2. At all times mentioned herein, Defendant CHASE HOME FINANCE LLC (hereinafter "Chase") was and is a business entity unknown, conducting business within the County of Los Angeles.

3. At all times mentioned herein, defendant FIRST AMERICAN LOANSTAR TRUSTEE SERVICES (collectively "First American"), was and is a business entity unknown, conducting business within the County of Los Angeles.

4. This is an action pursuant to the California Civil Code Section 2943 and 12 USC 2605(e). Plaintiff brings this action against Defendants Chase, First American, and Does 1 to 50 (collectively "Defendants"), based on Defendants' failure to follow the California Civil Code and the Real Estate Settlement Procedures Act ("RESPA").

5. Plaintiff is ignorant of the true identity and capacity of Defendants designated as DOES 1 to 50, but will amend the complaint when their identities have been ascertained according to proof at the time of trial. Plaintiff alleges on information and belief, however, that each and every doe defendant is in some manner responsible for the acts and conduct of other Defendants, and were, and are, responsible for the injuries, damages, and harm incurred by Plaintiff. Plaintiff further alleges on information and belief that each such designated defendant acted, and acts, as the authorized agent, representative, and associate of other defendants in doing the things alleged herein.

6. Plaintiff is informed, believes and thereon alleges, that at all times relevant during the viability period, that Defendants, and each of them, including without limitation those defendants herein sued as DOES, were acting in concert or participation with each other, or were joint participants and collaborators in the acts complaint of, and were the agents or employees of the others in doing the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by the others, each and all of them acting in concert with the other and all together.

JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 12 U.S.C. Section 2605(e), a federal question.

8. Venue is proper in this Court because the Subject Property giving rise to the claims asserted herein is located within the Central District of California, and because each of the Defendants conduct business therein.

BACKGROUND FACTS

9. On or about May 2006, Plaintiff entered into a written agreement with WMC Mortgage Corp. to borrow approximately five hundred twenty-eight thousand and 00/100 dollars ($528,000.00) for the purchase financing of the Subject Property.

10. To secure payment of the promissory note, Plaintiff signed and delivered to WMC Mortgage Corp. a deed of trust dated May 25, 2006, in which Plaintiff (as trustor) conveyed an interest in the Subject Property as security for payment of the promissory note to WMC Mortgage Corp (as beneficiary).

11. On or about June 02, 2006, the deed of trust was recorded in the Official Records of Los Angeles County, California.

12. On information and belief, Chase began to service Plaintiff's loans shortly after the deed of trust was recorded, and was then assigned the rights as beneficiary to Plaintiff's loans.

13. At some point after approximately two years of payment under the loans mentioned in paragraph nine (¶9) *supra* (approximately seventy six thousand dollars in payments [$76,000.00]), Plaintiff experienced trouble paying under her loans as a result of her husband losing his job during the same period of time Plaintiff quit her job to give birth to her son.

14. On or about late August 2008, Plaintiff hired the Law Offices of Beverly Hellesen to request, under California and Federal law, copies of documents relating to the loans, including the note, deed, of trust, a beneficiary statement, among other things, so that Plaintiff could understand (1) whether the amounts owed under the

loans were correct and (2) whether the proper party was receiving payment. These requests, sent certified return receipt requested, were never responded to. Such requests were sent September 09, 2008, September 24, 2008, November 26, 2008, and June 2009.

15. Rather, on November 05, 2008, Defendants caused to be recorded with the Los Angeles County Recorder's Office a Notice of Default and Election to Sell under Deed of Trust ("NOD").

16. Plaintiff was surprised by this NOD, since Plaintiff had been seeking contact with Defendants through her then attorney of record, and since Defendants had never contacted Plaintiff in accordance with law to explore options for her to keep her home.

17. As a direct result of Defendants' failure to respond to such requests, and instead to seek foreclosure of the Subject Property, Plaintiff has been actually damaged by being forced to hire a bankruptcy attorney to seek relief from bankruptcy court, in order to have more time to understand whether the amounts owed under Plaintiff's loans were correct and whether the party seeking payment was the correct party; which have cost Plaintiff over two thousand five hundred dollars ($2,500.00) thus far. Further, Plaintiff has had to pay an attorney to litigate this Second Amended Complaint to seek the requested documents that were never provided, which has cost Plaintiff over a thousand dollars ($1,000.00) thus far.

18. Plaintiff is now paying her first mortgage by order of a bankruptcy judge. Plaintiff prays to this Court to order Defendants to follow the law by providing the requested documents, and to compensate her for damages as a result of Defendants violations. Plaintiff *does not* seek an injunction on the Subject Property or any other equitable remedy other than the production of the documents requested.

////

////

////

**FIRST CAUSE OF ACTION**

**Violation of California Civil Code Section 2943**

**(Against Defendants Chase and Does 1-50)**

19. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 18 of the Second Amended Verified Complaint as though herein fully set forth.

20. Plaintiff alleges that California Civil Code section 2943 requires a beneficiary or their authorized agent to respond to a trustor's request under the law within twenty one (21) days by preparing and delivering to the persons demanding it a true, correct, and complete copy of the note or other evidence of indebtedness with any modification thereto, and a beneficiary statement.

21. Plaintiff alleges that Defendant Chase has failed to comply with the requirements of Civil Code Section 2943 in that they, acting as the *beneficiary, or authorized agent of the beneficiary*, failed to respond to Plaintiff's requests under California Civil Code Section 2943.

22. Plaintiff alleges that Defendant Chase, the current beneficiary, acted as the authorized agent (servicer) for the prior beneficiary before becoming the beneficiary under Plaintiff's loans itself, and therefore had the obligation to respond to Plaintiff's requests.

23. Plaintiff alleges that as a direct result of Defendant Chase's failure to provide the requested documents, Plaintiff has incurred damages by way of attorney fees in litigating this action and litigating the Subject Property in bankruptcy court in an amount that is not yet fully ascertained.

**SECOND CAUSE OF ACTION**

**Violation of 12 U.S.C SECTION 2605(e)**

**(Against Defendants Chase and Does 1-50)**

24. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 23 of the Second Amended Verified Complaint as though

herein fully set forth.

25. Plaintiff alleges that under 12 U.S.C Section 2605(e), if any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within twenty (20) days and take action as requested within sixty (60) days.

26. Plaintiff alleges that Defendant Chase has failed to comply with the requirements of 12 U.S.C Section 2605(e) in that they, acting as the beneficiary, or authorized agent (servicer), failed to respond to Plaintiff's qualified written requests for information relating to the servicing of such loan. These qualified written requests were requested through borrower's agent, attorney Beverly Hellesen.

27. Plaintiff alleges that as a direct result of Defendant Chase's failure to respond to Plaintiff's request, Plaintiff has been actually damaged by being forced to hire a bankruptcy attorney to seek relief from bankruptcy court, in order to have more time to understand whether the amounts owed under Plaintiff's loans were correct and whether the party seeking payment was the correct party, which have cost Plaintiff over two thousand five hundred dollars ($2,500.00) thus far. Further, Plaintiff has had to pay an attorney to litigate this Second Amended Complaint to seek the requested documents that were never provided, which has cost Plaintiff over a thousand dollars ($1,000.00) thus far.

////

////

////

////

////

////

////

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. That the Court to Order Defendants to produce documents to Plaintiff according to California Civil Code Section 2943 and 12 U.S.C. Section 2605(e);
2. For compensatory damages;
3. For award of attorney's fees, and reasonable cost of suit incurred; and
4. For any other relief the Court may deem just and proper.

Dated: July 29, 2009

/s/ *Sean C Vargas*

Sean C Vargas Esq.
Attorney for Plaintiff
VERONICA SALINAS

**VERIFICATION**

I, VERONICA SALINAS, for myself, acknowledge that I am the Plaintiff in the above-mentioned action. I have read the above Second Amended Verified Complaint for Violations of the California Civil Code Sections 2943, and 12 U.S.C. 2605(e).

The facts contained in the Second Amended Verified Complaint are based upon my personal knowledge except as to those matters therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct as executed this July 29, 2009, in the City of Walnut, County of Los Angeles.

VERONICA SALINAS